UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-1925-DMG (MRWx)** | Date | November 30, 2018 |
|---|---|---|---|
| Title | *Thomas Atencio, et al. v. TuneCore, Inc.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:** **IN CHAMBERS - ORDER FOR PARTIES TO SHOW CAUSE WHY THE COURT SHOULD NOT *SUA SPONTE* DISMISS AFFIRMATIVE DEFENSE SEVEN AND STRIKE PROPOSED JURY INSTRUCTIONS**

     The parties filed their Proposed Disputed Jury Instructions on October 26, 2018. [Doc. # 134-1.] Upon review and consideration of the disputed jury instructions, the Court has identified two separate issues regarding those instructions that require resolution before trial begins.

     First, Proposed Jury Instruction No. 11 pertains to Defendant's wavier defense. *Id.* at 23. Defendant proposes that the Court instruct the jury that Defendant's waiver defense must succeed if Defendant shows that: (1) "Caterine knew that TuneCore was required to issue Caterine stock if he exercised his stock option grants from the 2006 through 2008 stock option agreements starting in 2006 through Caterine's resignation as CFO in 2011"; and *either* (a) "Caterine freely and knowingly gave up his right to have TuneCore issue stock to him by failing to timely exercise his stock options after he resigned from TuneCore in January 2011" *or* (b) "Caterine freely and knowingly gave up that right when he did not object when TuneCore told Caterine his options expired and he was receiving a new grant that had a deadline of one year to exercise, and by accepting this grant he gave up any right to claim that his expired options were still valid." *Id.*

     The Court is concerned that neither parts (a) nor (b) are appropriate for jury instruction. Part (a) does not pertain to a waiver defense—it corresponds to the breach of contract argument that Caterine did not perform his obligation to timely exercise his stock options under the agreements. Part (b) appears to be foreclosed by the plain language of the "new grant" Defendant references. The Court presumes the "new grant" refers to Caterine's 2012 stock option agreement, since that agreement has a one-year exercise term. As the Court previously noted in its Order denying Defendant's Motion for Summary Judgment, however, the 2012 Agreement itself appears to foreclose Defendant's waiver defense. [Doc. # 96 at 15.] The agreement states that it was "granted to [Caterine] in addition to, and not in lieu of, any other form of compensation otherwise payable to" Caterine. [Doc. # 86-4, Ex. 22 ("2012 Agreement") at 1 (emphasis added).]

Furthermore, even if Defendant plans to introduce evidence at trial showing that the parties attempted to modify or amend the agreement by subsequent emails or conversations to operate as a replacement for Caterine's prior agreements, the 2012 Agreement also states that any "[s]uch amendment must be in writing and signed by the Corporation." *Id.* at 8. The Court is aware of no such signed writing. Given that it appears Defendant has no basis for requesting a jury instruction on waiver, it is hereby **ORDERED TO SHOW CAUSE** why the Court should not dismiss Affirmative Defense Seven before trial as a matter of law.

Second, even though the parties' stock option agreements plainly state that they "shall be governed by, and interpreted pursuant to, the laws of the State of New York," *see e.g.,* [Doc. # 86-4, Ex. 20 ("Caterine's 2008 Agreement") at 4, Ex. 35 ("Atencio's 2006 Agreement") at 4], the Proposed Disputed Jury Instructions regarding the stock option agreements almost exclusively reference California law and the model California Civil Jury Instructions (CACI). *See* [Doc. # 134-1 at 12-17.] Accordingly, both parties are hereby **ORDERED TO SHOW CAUSE** why the Court should not strike the Proposed Jury Instructions based on California law. Assuming good cause does not exist to apply California law, the parties are hereby **ORDERED** to meet and confer in an effort to agree on jury instructions based on New York law, as the stock option agreements require. Any proposed joint, or disputed, jury instructions regarding the breach of contract claim shall be filed on or before December 4, 2018.

The parties need not submit written briefing on these issues. Instead, the Court will hear oral argument on the issues on December 4, 2018 at 8:30 a.m. before trial begins.

**IT IS SO ORDERED.**